# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ANTHONY JACKSON,**

    **Plaintiff,**

v.                                                       **Case No.: 8:06-cv-321-T-23MSS**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying claims for disability insurance benefits and supplemental security income under the Act.[1]

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the exhibits filed and administrative record, and the pleadings and memoranda submitted by the parties in this case.

---

[1] The District Court has referred this matter to the Undersigned for a Report and Recommendation pursuant to Title 28, United States Code, Section 636(b)(1)(B)-(C), Fed. R. Civ. P. 72 and Local Rules 6.01(a), (b) and 6.02(a), M.D. Fla.

I.  Background

   A.  PROCEDURAL HISTORY

Plaintiff previously filed an application for disability benefits on November 7, 2002, alleging an onset of disability on August 28, 2002. (Tr. 27) Plaintiff's initial application was denied in an initial determination on November 7, 2002, as he was engaged in substantial gainful activity while claiming to be disabled. (Tr. 27) Plaintiff's first application was consolidated with the instant action. (Tr. 14)

In the instant action, Plaintiff filed an application for disability insurance benefits and social security income payments on January 14, 2003. (Tr. 14) Plaintiff alleged an onset of disability on January 6, 2003, due to nerve damage in his left hand affecting his ability to lift and grasp objects. (Tr. 15) Plaintiff's present claim was denied initially and upon reconsideration. (Tr. 14) Plaintiff appeared and testified at a hearing which was held on September 15, 2004, before ALJ Elving L. Torres. (Tr. 14) In a decision dated January 27, 2005, the ALJ denied Plaintiff's claim for benefits. (Tr. 14-19) The Appeals Council denied review of the decision on January 3, 2006. (Tr. 2-4) This action for judicial review ensued.

   B.  MEDICAL HISTORY AND FINDINGS SUMMARY

Plaintiff's medical history is set forth in the ALJ's decision. By way of summary, Plaintiff was a thirty-five year old with a limited tenth grade education as of the date of the hearing. (Tr. 65) Plaintiff complained of left hand pain and numbness due to nerve damage in his left hand. (Tr. 15-16) At the hearing, Plaintiff presented the ALJ with medical records from Plaintiff's treating and consulting

physicians including, Dr. Jorge A. Rodriguez, Jr. (Tr. 114-35, 144-49) and Dr. Thomas L. Greene (Tr. 150-53).

The medical evidence of record shows that Plaintiff suffered an injury at work on April 28, 2002, which resulted in the laceration of the tip of the third finger on his left hand. Plaintiff immediately sought treatment for his injury at Bayfront Convenient Care Clinic. (Tr. 94-103) He was released to return to light work requiring "no use of [l]eft [h]and" and referred to a hand specialist. (Tr. 94) Between June 2002 and October 2003, Plaintiff was under the care of Dr. Rodriguez for treatment of his hand condition. During this period, Dr. Rodriguez placed Plaintiff on medication and opined that Plaintiff's "whole person impairment" was three percent due to his difficulty with digital dexterity in his left middle finger. (Tr. 122) Dr. Rodriguez consistently determined Plaintiff could return to medium duty work with a cast or splint on his left hand and, in October 2003, referred Plaintiff for a second opinion to evaluate Plaintiff's complaints of pain and tenderness. (Tr. 125-28, 131-33, 146, 148) In his second opinion evaluation, Dr. Greene stated he was "not convinced" Plaintiff's pain was a "substantial functional problem" and determined Plaintiff was at maximum medical improvement with a whole person impairment rating of one percent. (Tr. 151-52) Dr. Greene placed no work restrictions on Plaintiff. (Tr. 152)

After considering the medical evidence submitted by Plaintiff, the ALJ determined that although Plaintiff suffered from a severe impairment, namely his "status post laceration injury to the left third finger of his non-dominant hand," his impairment was not "severe" enough to meet or medically equal an impairment listed

in Appendix 1, Subpart P, Regulations No. 4. (Tr. 17) He also determined that Plaintiff retained the residual functional capacity ("RFC") to perform a wide range of medium work. (Tr. 19) Given this RFC, the ALJ determined that Plaintiff could perform his past relevant work as a general office worker. (Tr. 19) The ALJ therefore concluded Plaintiff was not disabled under the Act. (Tr. 18-19)

Plaintiff contends for the following reasons that the decision of the ALJ must be reversed and remanded for an award of benefits: (1) the ALJ incorrectly concluded that Plaintiff's work as a general office worker constituted past relevant work; (2) the ALJ failed to present the vocational expert ("VE") with a complete hypothetical; and, (3) the ALJ failed to give proper weight to Plaintiff's treating physician.

For the reasons that follow, the Undersigned **REPORTS** and **RECOMMENDS** that the decision of the Commissioner be **AFFIRMED**.

## II.   Standard of Review

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. §405(g) (2006). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law *de novo*. See <u>Davis v. Shalala</u>, 985 F.2d 528, 531 (11th Cir. 1993). If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard. <u>McDaniel v. Bowen</u>, 800 F.2d 1026, 1029-30 (11th Cir. 1986); <u>Smith v. Heckler</u>, 707 F.2d 1284, 1285 (11th Cir. 1983). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. <u>Jamison v. Bowen</u>, 814 F.2d 585 (11th Cir. 1987).

### III.   Discussion

#### A.   WHETHER THE ALJ ERRED BY CONCLUDING PLAINTIFF COULD RETURN TO HIS PAST RELEVANT WORK.

Plaintiff's first contention is that the ALJ erred by concluding he could return to his past work as a general office worker. Specifically, Plaintiff contends his job as a general office worker was not past relevant work because it did not constitute "substantial gainful activity" in that he did not perform that job for at least three months.

The Supreme Court has noted that 42 U.S.C. § 423(d)(2)(A) establishes two requirements for disability: (1) the impairment must render the plaintiff "unable to do [his] previous work" and (2) the impairment must preclude the plaintiff from "engag[ing] in any other kind of substantial gainful work. . .which exists in the national economy." <u>Barnhart v. Thomas</u>, 124 S.Ct. 376, 379 (2003). These two

requirements are analogous to disability determination at steps four and five, respectively.

Past relevant work is "work that you have done within the past fifteen years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1)(2006). Substantial gainful activity ("SGA") is work that involves significant mental and physical activities and is usually performed for pay or profit. The following factors are considered in determining whether work is SGA: time spent in the work, quality of performance, whether the worker was self-employed, the need for special conditions or supervision, use of experience, skills and responsibilities; and whether the worker contributes substantially to the operation of the business. Johnson v. Sullivan, 929 F.2d 596, 597 (11th Cir. 1991)(citing 20 C.F.R. §§ 404.1572, 404.1573 (2006)). An unsuccessful work attempt occurs when a claimant works for three months or less and stops working because of the impairment or because of the removal of special conditions that took into account the impairment and permitted the claimant to work. See 20 C.F.R. § 404.1574 (2006)

In this case, the ALJ found Plaintiff retained the RFC for "light work with the left hand due to the left middle finger impairment in the non-dominant hand." (Tr. 18) But because the evidence did not support any limitations using the dominant hand or any other part of the body, the ALJ found Plaintiff to be "limited overall for lifting and carrying up to 50 pounds occasionally and 25 pounds frequently" and prohibited him from climbing vertical ladders, scaffolds, or ropes, or being exposed

to open heights. (Tr. 18, 194-95) Thus, the ALJ found Plaintiff capable of performing a wide range of medium work. See SSR 83-10 (defining medium work as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds").

The ALJ relied on his evaluation of the evidence and the VE's testimony and concluded that Plaintiff could return to his past relevant work as a general office worker. At the hearing, Plaintiff testified that he performed the duties of a general office worker at Goodwill Industries, i.e., answering phones and running errands, from November 2002 until January 6, 2003. (Tr. 189). The fact that Plaintiff only performed work as a general office worker for two months does not disqualify this work as past relevant work or SGA.

In Faison v. Barnhart, the claimant appealed after the ALJ determined that she was not disabled because her impairments did not preclude her from performing past relevant work as a file clerk. 301 F. Supp. 2d 1330, 1331 (M.D. Fla. 2004). The claimant argued that this work was not past relevant work because she only worked as a file clerk for short periods of time. Id. at 1332. The district court upheld the ALJ's ruling, finding that the claimant had worked long enough to learn how to do the job. Id. at 1333. Likewise, the length of employment in this case is not dispositive as Plaintiff does not assert he was unable to perform the requisite duties of a general office worker after two months of employ.

Further, Plaintiff's job was not an unsuccessful work attempt because there is no evidence here that Plaintiff was "laid off" on January 6, 2003, due to his

condition. Whether Plaintiff continued to work past his onset date of January 6, 2003, is not entirely clear from the record since on January 10, 2003, Plaintiff complained to Dr. Rodriguez about his present difficulties at work. In any event, Plaintiff was never precluded from working by Dr. Rodriguez on that visit or any other visit. On December 19, 2002, Dr. Rodriguez released Plaintiff to return to full duty without restrictions. (Tr. 129) In January 2003, Plaintiff returned to Dr. Rodriguez complaining of difficulties at work. Dr. Rodriguez placed Plaintiff on medication to help him with those difficulties, suggested he get his GED to expand his employment options and then released Plaintiff to return to medium duty work while wearing a cast or splint on his left hand. (Tr. 117-18, 128) Additionally, Plaintiff began looking for other jobs he believed he could perform following his departure from Goodwill. (Tr. 193) As Plaintiff does not contend he could not perform the functions of a general office worker as he was only employed in that capacity for two months and has produced no evidence to suggest that he was "laid off" due to his condition, the ALJ correctly considered Plaintiff's work as a general office worker to be past relevant work that remained within his RFC.

    **B.    WHETHER THE ALJ FAILED TO PRESENT THE VE WITH A COMPLETE HYPOTHETICAL.**

Plaintiff next contends the ALJ failed to present the VE with a complete hypothetical. Specifically, Plaintiff contends the ALJ failed to include in his hypothetical question to the VE Plaintiff's limitations caused by his need to avoid exposure to temperatures of 72 degrees or less and due to the side effects of his

medication. Hypothetical questions posed to a VE must comprise all of the medically proven limitations in order for the VE's testimony to constitute substantial evidence. Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002); Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

Here, the hypothetical question posed to the VE was consistent with the medical evidence of record and the findings of the state agency physicians. The ALJ posed the following hypothetical question to the VE:

> [a]ssume a younger individual with a limited education. And assume the maximum exertional capacity is for up to light level of activity with left hand only, because of middle finger impairment of that nondominant hand. But because there are no restrictions using the right dominant hand or any other part of the body, assume it's limited overall to lifting and carrying up to 50 pounds on occasion and 25 pounds frequently. And he should not be required to climb vertical ladders, scaffolds, or at open heights. He should not be required to climb on ropes.

(Tr. 205)

At the hearing, Plaintiff testified that he experienced numbness throughout his left arm when exposed to temperatures of 72 degrees or less. (Tr. 199) He also testified that he gets very drowsy from his medication which causes him to have to lie down for two to three hours during the day. (Tr. 200-01) The medical evidence, however, does not support limitations caused by colder temperatures or due to side effects of Plaintiff's medication which would prevent Plaintiff from performing SGA.

On August 12, 2003, Dr. Rodriguez noted Plaintiff's sensitivity to air on his finger had improved. (Tr. 147) He also noted because of the nature of Plaintiff's injury, Plaintiff's sensitivity would likely be a permanent problem. (Tr. 147) Still, he

9

reiterated that Plaintiff's "whole person impairment" rating was only three percent and concluded Plaintiff could return to medium duty work with a cast or splint on his left hand. (Tr. 147-48) Further, the record includes only one instance in which Plaintiff complained to Dr. Rodriguez that he was experiencing a side effect from his medication. In February 2003, Plaintiff informed Dr. Rodriguez that the medication prescribed for his nerve pain, Elavil, "made him kind of groggy." (Tr. 116) Because Plaintiff's medication had been misplaced, Dr. Rodriguez wrote another prescription for Elavil and instructed Plaintiff to reduce his dosage. (Tr. 116) Following that visit, Plaintiff informed Dr. Rodriguez that the medications were "helpful." (Tr. 114,115,147) Dr. Rodriguez made no mention of Plaintiff's need to lie down two to three hours a day due to his medications and again concluded Plaintiff could return to medium duty work with a cast or splint on his left hand. (Tr. 125-27,148) Additionally, the state agency physicians who evaluated Plaintiff in March and June of 2003 did not conclude that Plaintiff had limitations caused by cold temperatures and failed to mention any limitations due to side effects from medications. (Tr. 110, 142)

Consistent with this record, the ALJ considered Plaintiff's complaints of limitations caused by environmental conditions and his medication and rejected those complaints as inconsistent with the objective medical evidence. (Tr. 17) Thus, the Court finds that the hypothetical posed to the VE was sufficiently inclusive of Plaintiff's proven impairments and limitations.

**C.    WHETHER THE ALJ GAVE PROPER WEIGHT TO PLAINTIFF'S TREATING PHYSICIAN.**

Plaintiff's final challenge is that the ALJ failed to give proper weight to the opinion of Dr. Rodriguez. The law on the priority of medical evidence of this circuit is clear: "[t]he opinion of a treating physician . . . 'must be given substantial or considerable weight unless "good cause" is shown to the contrary'". Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (citing Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). Furthermore, that good cause finding must be set forth expressly on the face of the ALJ's opinion and the failure to do so is reversible error. Lewis, 125 F.3d at 1440. "Absent a showing of good cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the [Commissioner]." Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988) (citing MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th. Cir. 1986)). "Good cause" exists where (1) the treating physicians' opinions are not bolstered by the evidence, (2) the evidence supports a contrary finding, or (3) the treating physicians' opinions are conclusory or inconsistent with their own medical records. Phillips, 357 F.3d at 1240-41. This priority, known as the "treating physician rule," is borne out of the notion that treating physicians generally have more knowledge of the medical history of their patients and in that capacity are best qualified to assess the nature of the claimed disability. Lewis, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1527(d)(2)).

Contrary to Plaintiff's assertion, the ALJ considered fully Dr. Rodriguez' opinion as outlined in detail in the ALJ's decision. (Tr. 16) Furthermore, the ALJ

adopted Dr. Rodriguez' opinion that Plaintiff could perform medium duty work with a left hand splint in his finding that Plaintiff retained the RFC to perform "light work with the left hand due to the left middle finger impairment in the non-dominant hand" and "limited overall for lifting and carrying up to 50 pounds occasionally and 25 pounds frequently."  (Tr. 18, 194-95).  Thus, Plaintiff's argument on this point is without merit.

## IV.   Conclusion

For the reasons cited above, the Undersigned **REPORTS** and **RECOMMENDS** that the decision of the Commissioner be **AFFIRMED** and the **CLERK** be directed to enter a separate judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure and **CLOSE** this case.

Respectfully **RECOMMENDED** in Tampa, Florida on this 18th day of January 2007.

_____
MARY S. SCRIVEN
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. <u>See</u> 28 U.S.C. § 636(b)(1).

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties